CONNORS *v.* SHELBY COUNTY.

(*Jackson.*    April Term, 1904.)

1. **CONSTABLES.** Compensation of, for attending upon grand jury.
A constable appointed by the county court to wait upon the grand jury is entitled to a per diem of two dollars for each day on which he performs any *bona fide* services for that body, such as serving subpoenas, whether the grand jury is actually in session or has temporarily adjourned.

2. **SAME.** Same. Per diem covers all services. Semble.
The per diem allowance, stated in the first headnote, is intended to compensate the constable for all services which he may be required to perform while in attendance on the grand jury, including the service of subpoenas placed in his hands.

Case cited:   Brantley v. State, 4 Bax., 307.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

A. B. PITTMAN, for Connors.

GEORGE B. PETERS and LEE THORNTON, for Shelby County.

113 Tenn—12

MR. JUSTICE NEIL delivered the opinion of the Court.

The following agreed case was made in the court below, was passed upon by the chancellor, and is now before us for determination, viz.:

"John J. Connors, the plaintiff, is a duly elected and qualified constable of Shelby county, and was appointed by the county court of said county, July 7, 1902, to wait upon the grand jury of the said county during its September, 1902, term. He was again appointed by said county court on October 6, 1902, to wait upon said grand jury at the January, 1903, term. In obedience to his said appointments, he was in attendance on the said grand jury throughout the entire September term thereof, and has been in attendance during the present, which is the January term.

"During the September term of the criminal court the grand jury sat in session only ———— days; the judge of said court having, by an order entered in said court, directed that the grand jury should not hold more than two sittings or sessions per week.

"The criminal court of said county was in session ninety-four days during the September, 1902, term thereof, and up to and including this date, ———— day of ————, the grand jury has held ———— sittings or sessions since the present January term began, while the criminal court had been in session ———— days during said term. On the days of the September term and of the present term when the said grand jury was sitting, the said Connors, as he was by law bound to do, served

Connors v. Shelby County.

and attended upon the meetings of said grand jury, calling witnesses and rendering such services as are customarily and legally demanded of an officer who is in attendance upon a court.

"In addition to this service, he has executed great numbers of subpoenas lawfully directed to him by said grand jury. The serving of these subpoenas must be, and is, accomplished at times and days when the grand jury is not actually sitting, since the said officer is required to be present at the sittings thereof, and could serve no subpoenas except when said grand jury is not actually holding a session.

"The question now submitted to the court is: Does the county owe said plaintiff, John J. Connors, his per diem of $2 for the days only when the grand jury was actually sitting, as above stated, or is said officer entitled to his per diem for every day the criminal court was in session, as above stated, or for every day he was engaged in serving subpoenas, and has the said officer, in the future, a right to be paid only for the days the grand jury actually sits, or for the number of days the criminal court is in session, or according to the number of days he is engaged in waiting upon said grand jury, whether such service be performed in executing subpoenas, or in attending upon them at their actual sessions?"

The court is of the opinion that the constable is entitled to his per diem of $2 for each day on which he performs any *bona fide* service for the grand jury, at

each term, from the date of his appointment to serve
that body, until its discharge, regardless of the fact that
the grand jury sits only two days in the week. The
court is further of the opinion that the service of all
subpoenas placed in the hands of the constable by the
grand jury falls within the scope of the duties intended
to be compensated for by the per diem allowance, and
that he cannot be deprived of his compensation by the
temporary adjournments of the grand jury, when he ac-
tually perfoms *bona fide* service during the intervals
created by such adjournments. The constable, in exe-
cuting subpoenas during such intervals, is serving the
grand jury no less than if he were performing the same
duties pending its actual sittings.

These conclusions seem so obvious, and so commend
themselves to every man's sense of justice, that it is
unnecessary to enter into an argument in support of
them, or to cite authorities.

There is one aspect of the matter, however, in which
it may be found useful to refer to the case of *Brantly* v.
*State,* 4 Baxt., 307. In that case it was held that the
per diem allowed the officer appointed to wait upon the
circuit court would include his services in summoning
special juries, and that he could not have, in addition,
the fees which were allowed by statute to the sheriff
for performing such service. For a stronger reason, it
should be held that the per diem includes services of the
kind involved in the present case, because, while they
must be performed, there is no statute from which it

can be inferred that they are to be performed without compensation, and there is no other means provided by law for compensation, except the per diem allowance.

In respect of the amount of the per diem, the court had this matter under consideration at a former term, and, upon an examination of all of the statutes bearing upon the subject, decided that $2 was the amount allowed by law. We see no reason now to reopen the question.

Let a judgment be entered in accordance with the foregoing opinion.